COLE R. SHERIDAN (SBN: 215109)
LAW OFFICES OF COLE SHERIDAN
1990 South Bundy Drive, Suite 630
Los Angeles, California 90025
Email:  csheridan@csheridanlaw.com
Phone 310-819-9640

Attorney for Plaintiffs,
Russell Stuart; Douglas Myrdal;
and Superbox Holdings
Canada Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| RUSSELL STUART, an individual (and derivatively on behalf of SuperBox, Inc.); DOUGLAS MYRDAL, an individual (and derivatively on behalf of SuperBox, Inc.); and SUPERBOX HOLDINGS CANADA INC., a British Columbia corporation (and derivatively on behalf of SuperBox, Inc.),<br><br>        Plaintiffs,<br><br>        v.<br><br>BARRY SYTNER, an individual; DAVID E. LAZAR, an individual; CUSTODIAN VENTURES, LLC, a Wyoming limited liability company; EDWARD LAZAR, an individual; SHULAMIT LAZAR, an individual; BETTY SYTNER, an individual; SUPERBOX, INC., a Nevada corporation (and nominal defendant); and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.   2:20-cv-3956<br><br>**VERIFIED COMPLAINT:**<br><br>**DIRECT CLAIMS:**<br><br>  1. **VIOLATION OF §10(b) OF THE SEC. EXCHANGE ACT AND SEC RULE 10b-5;**<br>  2. **FRAUD [CA Civ. Code §1572];**<br>  3. **VIOLATION OF CA CORP. CODE §§25401, 25501;**<br>  4. **VIOLATION OF CA BUS. & PROF. CODE §17200** *et seq.***;**<br>  5. **CONVERSION;**<br>  6. **NEGLIGENT MISREPRESENTATION;**<br>  7. **UNJUST ENRICHMENT**<br><br>**SHAREHOLDER DERIVATIVE CLAIMS:**<br><br>  8. **BREACH OF FIDUCIARY DUTY;**<br>  9. **ABUSE OF CONTROL;**<br> 10. **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

LA10358.222004271

Plaintiffs RUSSELL STUART, an individual (and derivatively on behalf of SuperBox, Inc.) ("STUART"); DOUGLAS MYRDAL, an individual (and derivatively on behalf of SuperBox, Inc.) ("MYRDAL"); and SUPERBOX HOLDINGS CANADA INC., a British Columbia corporation (and derivatively on behalf of SuperBox, Inc.) ("SB CANADA") (collectively referred to herein as "Plaintiff"), through their undersigned attorney, is informed and believes and thereon alleges and avers as follows:

## I.

## JURISDICTION AND VENUE

1.    This action arises under Section 10(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC"); §25401 of the California Corporations Code, the California Business and Professions Code; and under applicable principles of common law of the State of California. The Complaint presented here includes multiple counts, each representing a separate legal cause of action, based upon essentially the same series of facts arising from the Defendants' use of fraudulent misrepresentations and other deceptive devices in connection with the sale, acquisition and/or trading of securities as well as the contravention of such rules and regulations as promulgated in the public interest. This court has jurisdiction over this action under 28 U.S.C.A. §1331, 15 U.S.C.A. §78aa, and principles of supplemental jurisdiction under 28 U.S.C.A. §1367(a). This action is not a collusive one to confer jurisdiction that the court would otherwise lack.

2.    Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C.A. §78aa. The actionable acts and/or omissions complained of herein occurred less than one (1) year from the undersigned date and are not time barred by any applicable statute. One or more defendants reside and maintain a continuous presence within the State of California (the "State"), County of Los Angeles ("County"), City of

LA10358.222004271

Los Angeles ("City").  One or more acts and/or omissions complained of herein were committed in the City, County and State; and/or resulted in materially false and/or misleading information regarding the sale, acquisition and/or trading of securities being transmitted into the City, County and State.  Further, each defendant has at all times referenced herein conducted such continuous, systematic and/or substantial business activities in the City, County and State and/or with residents of the City, County and State that each has purposefully availed himself and/or itself to the City, County and State and/or conspired in a common scheme to violate securities laws.  In connection with the acts and conduct alleged in this Complaint, the Defendants conspired to directly and indirectly used means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the wire transfer facilities of the international banking systems for the fraudulent purchase of securities.

## II.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.  IDENTIFICATION OF NOMINAL PARTIES.

3.    At all relevant times mentioned herein, Nominal Defendant SUPERBOX, INC., a Nevada corporation ("SuperBox") has been a corporation, duly organized under the laws of the State of Nevada, with its principal place of business located in the State of California (the "State"), County of Los Angeles ("County"), City of Los Angeles ("City").  SuperBox has been named herein in its derivative capacity as a nominal defendant and the portion of this Complaint that constitutes this shareholder's derivative action is brought on its behalf.

### B.  IDENTIFICATION OF MATERIAL PARTIES.

4.    Plaintiff RUSSELL STUART, an individual ("STUART") formed SuperBox in or about 1999 and has served as its chief executive officer ("CEO") since its formation.  STUART has been a shareholder of SuperBox at all relevant times

mentioned herein and has, at all material times mentioned herein, conducted all principal business within the City, County and State. At all relevant times mentioned herein, STUART has been either a purchaser or seller of the security in question, as contemplated by Section 10(b) and Rule 10b-5.

5.     Plaintiff SUPERBOX HOLDINGS CANADA INC. ("SB CANADA") has been a corporation, duly organized under the laws of British Columbia corporation, and formed in or about 2005. At all relevant times mentioned herein, SB CANADA has been either a purchaser or seller of the security in question, as contemplated by Section 10(b) and Rule 10b-5.

6.     Plaintiff DOUGLAS MYRDAL, an individual ("MYRDAL") is CEO of SB CANADA. MYRDAL has been a shareholder of SuperBox at all relevant times mentioned herein. At all relevant times mentioned herein, MYRDAL has been either a purchaser or seller of the security in question, as contemplated by Section 10(b) and Rule 10b-5.

7.     Plaintiffs RUSSELL STUART, an individual (and derivatively on behalf of SuperBox, Inc.); SUPERBOX HOLDINGS CANADA INC., a British Columbia corporation (and derivatively on behalf of SuperBox, Inc.) ("SB CANADA"); and DOUGLAS MYRDAL, an individual (and derivatively on behalf of SuperBox, Inc.) ("MYRDAL") will each fairly and adequately represent the interests of the similarly situated shareholders in enforcing the rights of SuperBox.

8.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant CUSTODIAN VENTURES, LLC ("Custodian Ventures") has been a limited liability company, duly organized under the laws of the State of Wyoming since on or about February of 2018.

9.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant David E. Lazar, an individual ("LAZAR") has been managing member, officer, director and/or authorized executive agent of

Custodian Ventures.

10.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant Edward Lazar, an individual ("E.LAZAR"), has been managing member, officer, director, an authorized agent of Custodian Ventures, a co-conspirator and/or or 'controlling person' under 15 U.S. Code § 78t (as more specifically addressed below).

11.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant Shulamit Lazar, an individual ("S.LAZAR"), has been managing member, officer, director, an authorized agent of Custodian Ventures, a co-conspirator and/or or 'controlling person' under 15 U.S. Code § 78t (as more specifically addressed below).

12.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant Barry Sytner, an individual ("SYTNER") is a resident of the City, County and State, maintains a continuous presence within the City, County and State, and has been managing member, officer, director, an authorized agent of Custodian Ventures, a co-conspirator and/or or 'controlling person' under 15 U.S. Code § 78t (as more specifically addressed below).

13.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, Defendant Betty Sytner, an individual ("BT.SYTNER") is a resident of the City, County and State, maintains a continuous presence within the City, County and State, and has been managing member, officer, director, an authorized agent of Custodian Ventures, a co-conspirator and/or or 'controlling person' under 15 U.S. Code § 78t (as more specifically addressed below).

14.     Defendants DOES 1-10 are named as fictitious defendants who have participated with or acted in concert with one or more of the Defendants named herein, or who have acted on behalf of or as agents, servants or employees of one or more of the Defendants named herein, but whose true names and capacities, whether

individual, corporate, or otherwise, are presently unknown to Plaintiff.  Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10 have directly or indirectly participated in and are responsible for the acts and omissions that are more specifically described herein and Plaintiff's damages as alleged herein were proximately caused by such Defendants.  Because Plaintiff is presently uninformed as to the true names and capacities of Defendants DOES 1-10, Plaintiff sues them herein by fictitious names, but will seek leave to amend this Complaint when their true names and capacities are discovered.

### C. "ALTER EGO" & UNITY OF INTEREST, PURPOSE & CONTROL.

15.    Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants LAZAR, E.LAZAR, S.LAZAR, SYTNER, BT.SYTNER, and Custodian Ventures and Defendants DOES 1-10, and each of them (also collectively referred to herein as "Defendant"), have been of an association of two or more persons and/or entities engaged in the conduct of a trade, business, profession and/or conspiracy, of a frequent or continuous nature, for profit and/or gain, and out of which each of Plaintiff's claims as stated herein arose.

16.    At all relevant times herein, each above-referenced Defendant has knowingly and willfully maintained Custodian Ventures as a mere corporate shell, without adequate capital or assets, and without observance of any corporate formalities and have knowingly and fraudulently co-mingled its assets with those of the other Defendants named herein.

17.    At all times relevant herein, each Defendant has participated in the deceptive scheme to fraudulently obtain control, right and/or interest in SuperBox and to deprive shareholders of SuperBox of their respective control, right and/or interest through malice, deceit, fraud, oppression and/or duress.  A unity of interest, purpose and control has existed, at all times relevant herein, between each and all of the individual Defendants named herein [i.e. Defendants LAZAR, E.LAZAR, S.LAZAR,

LA10358.222004271

SYTNER and BT.SYTNER (*as natural persons*) on one hand, and Defendant Custodian Ventures (*as a legal entity*) on the other hand], as such natural persons have acted on behalf of themselves, as individuals, as well as within their respective capacities as managing members, members, corporate officers and/or directors of such corporate entities.  Such unity of interest and ownership exists between each and every named Defendant such that any individuality and separateness between Defendants LAZAR, E.LAZAR, S.LAZAR, SYTNER and BT.SYTNER (*as natural persons*) on one hand, and Defendant Custodian Ventures (*as a legal entity*) along with DOES 1-10, on the other hand, have ceased, and such legal entities are the alter ego of one another.

18.    Adherence to the fiction of the separate existence of each of the above-referenced Defendants as entities distinct from one another would permit an abuse of the corporate and/or legal privilege and would sanction fraud and promote injustice in that these Defendants used the sham corporation of Custodian Ventures to perpetrate an ongoing fraud on Plaintiff and SuperBox shareholders.

19.    Plaintiff is further informed and believes and thereon alleges that, at all relevant times mentioned herein, each Defendant was the agent of each of the remaining Defendants and/or a co-conspirator, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment and/or conspiracy.

20.    On information and belief, each of the defendants either: (a) participated in the actions, transactions, conduct and practices complained of in this Complaint; (b) approved, agreed to and conspired with respect to the actions, transactions, conduct and practices complained of in this Complaint; (c) aided and abetted, in a knowing and willful manner, said actions, transactions, conduct and practices or (d) during the period relevant to this action, directly or indirectly, controlled, was controlled by, or was a controlling person, within the meaning of the Securities Act of 1933, as

amended (the "Securities Act") and the Exchange Act, of those persons who participated, conspired, or aided and abetted in said actions, transactions, conduct and practices.

**D. LIABILITY OF CONTROLLING PERSONS AND PERSONS WHO AID AND ABET VIOLATIONS [15 U.S. Code § 78t].**

21.     Pursuant to §78t, every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable.  LAZAR, E.LAZAR, S.LAZAR, SYTNER and BT.SYTNER controlled each other individual defendant named herein, along with Defendants DOES 1-10 and collectively such defendants have committed, conspired to commit and continue to commit a breach of fiduciary duties, violations of trust, violations of law and other deceptive acts as more specifically alleged in this Complaint.

### III.

### NATURE OF THE ACTION

22.     As referenced above, STUART formed SuperBox in or about 1999, has served as its CEO for the past 20 years and has, at all relevant times mentioned herein, been a shareholder of SuperBox.

23.     Beginning on or about July of 2019, STUART entered into negotiations with SB CANADA to transfer all material corporate control over SuperBox to SB CANADA.  SB CANADA's CEO MYRDAL acted on behalf of SB CANADA in such negotiations.

24.     Discussions between these parties continued for approximately six (6) months and were completed on or about February 2020.  On or about February 28, 2020, a notice of a new Board of Directors and Officers was filed with the Nevada Secretary of State.  MYRDAL became President and Director of

SuperBox, as evidenced by the Certificate of Reinstatement as filed with the Nevada Secretary of State's Office on February 28, 2020, having an Effective Date of February 28, 2020, and having been assigned Filing Number (for purposes of identification) 20200511900.  A true and correct duplicate of such filing information, as issued by the Nevada Secretary of State's Office, is attached hereto as Exhibit 1.

25.     Earlier in that same month, and unbeknownst to STUART, MYRDAL, SuperBox or SB CANADA, Defendants initiated a lawsuit before the state court in Clark County, Nevada against SuperBox, filing its initial appearance as well as a "Motion for Appointment of Custodian" on February 6, 2020.  A true and correct copy of the case information for such matter (commonly referred to by the Eighth Judicial District Court as '*Custodian Ventures, LLC, Plaintiff(s) vs. Superbox, Inc. [Nevada Entity No. C574-1999], Defendant(s)*' and having been assigned case number A-20-809896-B) as issued by the 'Eighth Judicial District Court's Online Portal' as of the date of this filing is attached hereto as Exhibit 2.  Such matter shall be commonly referred to herein as the "Custodian Case".

26.     Four (4) days after such initial filing, on February 10, 2020, Defendants filed their 'Certificate of Service' in the above-referenced Custodian Case, alleging that they (through their attorney of record) served notice of such "Motion for Appointment of Custodian" as well as a "Notice of Hearing" – via 'CERTIFIED MAIL/RETURN RECEIPT' on STUART, SuperBox (through its registered agent for service of process) and to Pacific Stock Transfer (the "Transfer Agent").  A true and correct copy of such Certificate of Service, dated as of February 10, 2020 is attached hereto as Exhibit 3.

27.     Notably, no other certificates of service were filed in the above-referenced Custodian Case.  *See, e.g.*, Case Information, previously referenced herein as Exhibit 2.  The hearing on such matter was scheduled for March 11, 2020.

28.     STUART, whether on behalf of himself and/or on behalf of SuperBox,

LA10358.222004271

did not receive any notice regarding the above-referenced Custodian Case. Furthermore, SuperBox's registered agent for service of process did not receive any notice regarding the above-referenced Custodian Case.  The Transfer Agent has never been authorized to receive service of process on behalf of SuperBox.  Neither SuperBox nor STUART waived service of process regarding above-referenced Custodian Case.

29.    On March 4, 2020, the Executive Department of the State of California declared a State of Emergency to exist in the State as a result of the COVID-19 pandemic.  On March 19, 2020, California Governor Gavin Newson, on behalf of the Executive Department of the State of California, issued its "shelter-in-place" (or "stay-at-home") order.  *See*, Executive Order N-33-20.

30.    Beginning on or about March 6, 2020, in light of the COVID-19 pandemic, STUART ceased any and all business-related appointments and travel and remained isolated in his home with his wife and infant child, conducting all critical business affairs from his home office.  Neither STUART nor SuperBox had any knowledge of the March 11, 2020 hearing in the Custodian Case and neither appeared for such hearing before the Eighth Judicial District Court in Clark County, Nevada.

31.    On March 11, 2020, the Eighth Judicial District Court in Clark County, Nevada granted petitioner's unopposed Motion for Appointment of Custodian and Custodian Ventures became the purported custodian of SuperBox.

32.    On or about April 23, 2020, Defendant LAZAR designated himself as "President"; "Secretary"; "Treasurer" and "Director" of SuperBox, as evidenced by the 'Amended List' filed with the Nevada Secretary of State's Office on April 23, 2020, having been assigned Filing Number (for purposes of identification) 20200619610. A true and correct duplicate of such filing information, as issued by the Nevada Secretary of State's Office, is attached hereto as Exhibit 4.  According to recent press releases, LAZAR also serves as the company's Chief Executive Officer, Chief

LA10358.222004271

Financial Officer and Chairman of the Board of Directors.

33.     STUART first learned about the Custodian Case and the purported custodianship over SuperBox on or about April 9, 2020 by email from Tiffany Felton [tiffany@pacificstocktransfer.com], a representative of the Transfer Agent.

34.     Pursuant to Rule 23.1, after consulting with SB CANADA and MYRDAL, STUART soon thereafter contacted LAZAR (and his attorney of record, Peter L. Chasey) by email on behalf of Plaintiff, (i) indicating that STUART was President and the majority shareholder of SuperBox; (ii) challenging the validity of the Eighth Judicial District Court's ruling for lack of personal jurisdiction over SuperBox (based on failure to effectuate valid service of process); and (iii) requesting that LAZAR promptly file a resignation with the Nevada Secretary of State to vacate all director and officer positions and take all reasonable measures to promptly ensure that the Eighth Judicial District Court's judgments, orders and/or other relief was vacated.

35.     LAZAR refused, indicating the following:

> "*Russell,*
>
> *Newsflash for you, I am the CEO of SBOX and the Majority Shareholder… This is not my first Rodeo, more like my 70th. So to make a long story short, you will need to pay me $25K in order to settle with me…, otherwise I will see you in court. …I have a Court Order from the Judge… If you were wise you would step aside and let me find this company a good merger candidate…*
>
> *Best, David*"

36.     After some investigation, Plaintiff is informed and believes and thereon alleges that Defendant has perpetrated the same and/or substantially similar fraud on over twenty-five (25) different corporations across the county, including but not limited to Zenith Partners International LLC, a California limited liability company (which, as part of Defendant's fraudulent scheme, named SYTNER and LAZAR as co-managing members).   In light of Defendant's response to Plaintiff's initial

LA10358.222004271

request for remedial action, Plaintiff is informed and believes and thereon alleges that any further demand on Defendant would have been futile.

37.    Plaintiff is informed and believes and thereon alleges that Defendant know and/or should know that, as a touchstone of due process, most state statutes, including Nevada and California, require that in order to properly confer jurisdiction to a court over a defendant, a plaintiff and/or petitioner must effectuate valid service of process by some means authorized by such governing state statute.  Examples of such means of service upon a corporation are personal service, substitute service or (in some instances, as approved by court order) service by publication.  *See, e.g.*, Nevada Rules of Civil Procedure (NRCP) §4.2(c)(1)(A) [service upon entities within Nevada]; *see, also*, CA Rules of Civil Procedure (CCP) §415.10; *et seq*. [service upon entities within California.]

38.    Plaintiff is informed and believes and thereon alleges that, in order to further their deceptive takeover of SuperBox in connection with the sale, acquisition and/or trading of securities as well as the contravention of such rules and regulations as promulgated in the public interest, Defendant deliberately failed to effectuate valid service of process as authorized by NRCP and rather, through the assistance of Defendant's attorney, sent invalid notice, purportedly by certified mailing, and thereafter filed its facially defective Certificate of Service with the Eighth Judicial District Court in Clark County, Nevada.

39.    Defendant failed to confer jurisdiction to the Eighth Judicial District Court in Clark County, Nevada over SuperBox and any and all orders, judgments and findings issued therefrom are legally invalid and must be vacated.

40.    LAZAR is 29-years-old (as of the date of this Complaint).

///
///

[*Remainder of page intentionally left blank.*]

## IV.

### FIRST CAUSE OF ACTION
### <u>VIOLATION OF §10(b) AND RULE 10b-5</u>
### <u>UNDER THE SECURITIES EXCHANGE ACT</u>

(Against Each Defendant and DOES 1-10)

41.     Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

42.     Defendants acted in concert with one another to knowingly engage in fraudulent acts, practices and courses of dealing through material deception, misrepresentation and/or wrongful non-disclosure of material information in connection with its deceptive takeover of SuperBox; its acquisition and offering of shares of common stock in SuperBox for sale; and to defraud its shareholders, as referenced by 17 C.F.R. §240.10b-5; §3(a)(10) of the Exchange Act.

43.     Defendants had adopted a plan to eliminate the board of directors, officers and/or directors of SuperBox by falsely representing to shareholders and the above-referenced court that they had effectuated valid service of process upon SuperBox of the Custodian Case with the knowledge that this was materially false; Defendants had actively concealed their invalid service of process and defective notice with the intention that no SuperBox representatives would appear to oppose their motion to appoint a custodian.  These false representations were adopted as an artifice employed for the sole purpose of circumventing the merits of a SuperBox opposition and to secure control and authority over SuperBox and the acquisition, transfer, purchase and/or sale of its shares, including a minimum 100,000 shares of SuperBox common stock.  Within days after securing a court order, Defendants actively eliminated the board of directors, officers and/or directors of SuperBox with its own representatives under the color of right and authority to the detriment of SuperBox and its shareholders.

44.     In reliance on Defendant's fraudulent scheme and due, in part, to the

LA10358.222004271

material depreciation of the fair market value of the underlying securities as a result of Defendant's takeover, Plaintiff has changed its position and offered to sell their SuperBox holdings at a discount and to their own detriment, loss and damage.

45.   Defendant's non-disclosure of material information was wrongfully withheld and/or concealed at such times when Defendants had a fiduciary, contractual and/or ethical duty to impart material information to the above-referenced court, SuperBox and/or its shareholders.  Furthermore, Defendants' misrepresentations were materially deceptive and/or false at the time they were made.

46.   The nature, quality and character of Defendants' misrepresentations along with the information Defendants wrongfully withheld and/or concealed from Plaintiff had a substantial likelihood of influencing a reasonable investor, issuer and/or shareholder in engaging in the subject transaction for the purchase and sale of the above-referenced securities and options to purchase further securities.  Furthermore, Defendants' misrepresentations and deceptive concealment of material information, along with Plaintiff's reasonable reliance thereon, proximately caused and/or induced Plaintiff to engage in the above-referenced securities transactions which resulted in Plaintiff's economic losses and other damages.

47.   The acts and/or omissions as alleged in this cause of action were willful, deceptive, wanton, malicious and oppressive and were undertaken with the intent of each Defendant named herein and DOES 1-10 to join in concert and cooperatively defraud Plaintiff and thus an award of punitive damages against Defendants and each of them, jointly and severally.

48.   Defendant failed to confer jurisdiction to the Eighth Judicial District Court in Clark County, Nevada over SuperBox and, therefore, Plaintiff further prays that (i) all judgments, orders and/or other relief granted to Defendant by such court be vacated and rendered invalid; and (ii) that each transfer of monies, securities, as well as any and all actions taken on behalf of SuperBox after any such judgment, order

and/or other relief be declared void.

49.     Plaintiff estimates the total damages proximately caused by the actions and omissions of the Defendant set forth in this cause of action include, but are not limited to, that sum certain amount of approximately $300,000.00, together with interest and associated transaction costs.

50.     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as more fully set forth below.

**V.**

**SECOND CAUSE OF ACTION**

**FRAUD [CA Civ. Code §1709]**

(Against Each Defendant and DOES 1-10)

51.     Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

52.     As referenced above, Defendant concealed and/or suppressed material facts related to the purported service of process upon SuperBox.  Defendant had a duty to give proper notice of the Custodian Case to Plaintiff, yet the Defendants intentionally concealed and/or suppressed such notice with the intent to defraud the Plaintiff from its opportunity to appear before the above-referenced court and oppose its motion for the appointment of a custodian.

53.     This concealment and false representations to the court were adopted as an artifice employed for the sole purpose of circumventing the merits of a SuperBox opposition and to secure control and authority over SuperBox and the acquisition, transfer, purchase and/or sale of its shares.  Plaintiff was unaware of the Custodian Case and Defendant's motion for the appointment of a custodian and would have appeared to challenge such appointment had Plaintiff been aware of such hearing.

54.     As a result of Defendant's concealment and/or suppression of the material facts of such case and associated hearings, Plaintiff sustained damages.

LA10358.222004271

55.     The acts and/or omissions as alleged in this cause of action were willful, deceptive, wanton, malicious and oppressive and were undertaken with the intent of each Defendant named herein and DOES 1-10 to join in concert and cooperatively defraud Plaintiff and thus an award of punitive damages against Defendants and each of them, jointly and severally.

56.     Defendant failed to confer jurisdiction to the Eighth Judicial District Court in Clark County, Nevada over SuperBox and, therefore, Plaintiff further prays that (i) all judgments, orders and/or other relief granted to Defendant by such court be vacated and rendered invalid; and (ii) that each transfer of monies, securities, as well as any and all actions taken on behalf of SuperBox after any such judgment, order and/or other relief be declared void.

57.     Plaintiff estimates the total damages proximately caused by the actions and omissions of the Defendant set forth in this cause of action include, but are not limited to, that sum certain amount of approximately $300,000.00, together with interest and associated transaction costs.

58.     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as more fully set forth below.

# VI.

## THIRD CAUSE OF ACTION

## VIOLATION OF CA CORP. CODE §§25401, 25501

(Against Each Defendant and DOES 1-10)

59.     Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

60.     Plaintiff incorporates by reference, as though fully set forth herein, each of the allegations contained in paragraphs 1 through 100, inclusive, of this Complaint.

61.     Defendants each participated in intentionally making and/or substantiating certain untrue statements of material fact, through oral and/or written representations,

and/or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, as more specifically described above.

62.    Such materially misleading statements were made to fraudulently induce Plaintiff to engage in the above-referenced securities transactions conducted in the State of California.

63.    On information and belief, each Defendant either: (a) participated in the actions, transactions, conduct and practices complained of in this Complaint; (b) approved, agreed to and conspired with respect to the actions, transactions, conduct and practices complained of in this Complaint; (c) aided and abetted, in a knowing and willful manner, said actions, transactions, conduct and practices or (d) during the period relevant to this action, directly or indirectly, controlled, was controlled by, or was a controlling person, within the meaning of the Securities Act and the Exchange Act, of those persons who participated, conspired, or aided and abetted in said actions, transactions, conduct and practices.

64.    The acts and/or omissions as alleged in this cause of action were willful, deceptive, wanton, malicious and oppressive and were undertaken with the intent of each Defendant named herein and DOES 1-10 to join in concert and cooperatively defraud Plaintiff and thus an award of punitive damages against Defendants and each of them, jointly and severally.

65.    Defendant failed to confer jurisdiction to the Eighth Judicial District Court in Clark County, Nevada over SuperBox and, therefore, Plaintiff further prays that (i) all judgments, orders and/or other relief granted to Defendant by such court be vacated and rendered invalid; and (ii) that each transfer of monies, securities, as well as any and all actions taken on behalf of SuperBox after any such judgment, order and/or other relief be declared void.

66.    Plaintiff estimates the total damages proximately caused by the actions

LA10358.222004271

and omissions of the Defendant set forth in this cause of action include, but are not limited to, that sum certain amount of approximately $300,000.00, together with interest and associated transaction costs.

67.   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as more fully set forth below.

## VII.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CA BUSINESS AND PROFESSIONS CODE §17200 *et seq*.

(Against Each Defendant and DOES 1-10)

68.   Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

69.   In making the false representations, concealment and suppression of material facts, and in the other practices alleged herein, Defendants, and each of them, personally engaged in, conspired to engage in, and are currently engaged in unlawful, fraudulent, and unfair business practices, in violation of California Business and Professions Code §17200 *et seq*.

70.   Specifically, Defendants, and each of them, committed acts of unfair and fraudulent business practices by engaging in deceptive acts and acquiring interest in money, securities and/or other property under false pretenses, as alleged herein.  In addition, Defendants, and each of them, conspired to commit and committed acts of unfair practices and conspired to acquire and acquired interests in money, securities and/or other property by means of such unfair practices by engaging in unlawful acts, including but not limited to violation of 18 U.S.C. §1341, prohibiting mail fraud and violation of 18 U.S.C. §1343, prohibiting wire fraud.

71.   Based on information and belief, Plaintiff alleges that the aforementioned conduct by Defendants and DOES 1-10, and each of them, represents conduct often repeated and which wrongfully affects consumers, investors, creditors, lenders and/or

members of the public engaged in good faith business practices in the State of California.

72.    By reason of the foregoing, Defendants have been engaged in unlawful, unfair and/or fraudulent business practices in violation of California Business and Professions Code §17200 and acts of unfair competition in violation of common law.

73.    Plaintiff has suffered injury in fact and has suffered monetary damages, among other injuries, proximately caused by Defendants' unfair and fraudulent business practices and, therefore, Plaintiff is entitled to full and complete restitution, including court costs and attorneys' fees, from Defendants, and each of them, jointly and severally.

74.    Defendant failed to confer jurisdiction to the Eighth Judicial District Court in Clark County, Nevada over SuperBox and, therefore, Plaintiff further prays that (i) all judgments, orders and/or other relief granted to Defendant by such court be vacated and rendered invalid; and (ii) that each transfer of monies, securities, as well as any and all actions taken on behalf of SuperBox after any such judgment, order and/or other relief be declared void.

75.    Plaintiff estimates the total damages proximately caused by the actions and omissions of the Defendant set forth in this cause of action include, but are not limited to, that sum certain amount of approximately $300,000.00, together with interest and associated transaction costs.

76.    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as more fully set forth below.

## VIII.

## FIFTH CAUSE OF ACTION

## <u>CONVERSION</u>

(Against Each Defendant and Does 1-10)

77.    Plaintiff incorporates by reference, as though fully set forth herein, each

of the aforementioned allegations contained in this Complaint.

78.   At all times herein mentioned, and in particular, prior to the judgments, orders and/or other relief granted to Defendant by the Eighth Judicial District Court in Clark County, Nevada, Plaintiff together comprised the majority shareholders of SuperBox.

79.   Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have breached their respective duties as owed to Plaintiff by engaging in, participating in, aiding and abetting, and facilitating unlawful actions, or omissions, including, but not limited to, violation of federal and state regulations and principles of common law as recognized by the State of California.

80.   Each Defendant named herein knowingly and willingly conspired and agreed among themselves to fraudulently and wrongfully obtain and permanently deprive securities, property and monies from the Plaintiff and to unlawfully divert such items to themselves without adequate consideration in furtherance of their own pecuniary interests and inconsistent with Plaintiff's rights and/or interests.

81.   Plaintiff has demanded that Defendants return the above-mentioned items but Defendants failed and refused, and continue to fail and refuse such return.

82.   The acts as alleged in this cause of action were willful, deceptive, wanton, malicious and oppressive and were undertaken with the intent of each Defendant named herein and DOES 1-10 to join in concert and cooperatively defraud Plaintiff and thus, in addition to compensatory damages, justify the awarding of consequential damages, attorneys' fees, costs of suit and punitive damages against Defendants, and each of them, jointly and severally.

83.   Plaintiff estimates the total damages proximately caused by the actions and omissions of the Defendant set forth in this cause of action include, but are not limited to, that sum certain amount of approximately $300,000.00, together with interest and associated transaction costs.

84.    Plaintiff further prays that an equitable lien and other injunctive relief is justifiable and proper to prevent dissipation and waste of wrongfully obtained funds pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq.*).

85.    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## IX.

## SIXTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

(Against Each Defendant and Does 1-10)

86.    Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

87.    Each of the representations identified herein were false.

88.    At the time Defendants, and each of them, made said false representations, Defendants, and each of them, had no reasonable grounds for believing the statements to be true.

89.    At the time Defendants, and each of them, made said false representations, such Defendants implied that they had knowledge of the true facts but in fact were actually ignorant of the true facts.

90.    Said false representations were made without regard for the truth of said representations and with the intent that Plaintiff rely on said representations.

91.    Plaintiff actually and justifiably relied on said false representations and was damaged as a direct and proximate result of said false representations.

92.    As a direct and proximate result of the deceptive acts and/or omissions of the Defendants, and each of them, Plaintiff suffered injuries in the sum according to proof at trial in amounts no less than $300,000.00, together with interest and associated transaction costs.

93.    WHEREFORE, Plaintiff prays for judgment against Defendants, and each

LA10358.222004271

of them, as more fully set forth below.

## X.

### SEVENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

(Against Each Defendant and DOES 1-10)

94.     Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

95.     Defendants and DOES 1-10, and each of them, failed to give Plaintiff adequate consideration for the benefits enjoyed from each such Defendant's wrongful use, enjoyment and/or receipt of the monies, securities and/or other benefits identified herein.

96.     Defendants and DOES 1-10, and each of them, have each been unjustly enriched as a result of such above-mentioned wrongful use, enjoyment and/or receipt of the monies and/or other benefits identified herein, which were wrongfully obtained by means of deceit, concealment and false promises wrongfully perpetrated upon Plaintiff to its detriment.

97.     It is unconscionable and inequitable for Defendants to retain such wrongfully obtained benefits.

98.     WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## XI.

### EIGHTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

(Against Each Defendant and DOES 1-10 on behalf of SuperBox)

99.     Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

100.    Defendants, as officers, directors, authorized representatives, agents

and/or controlling persons of/over SuperBox, were and are required to use their business judgment and reasonable abilities to control and manage SuperBox in the fair, just and equitable manner; to refrain from abusing their positions of control; and to avoid favoring their own interest at the expense of SuperBox and its shareholders. Defendants violated their fiduciary duties to SuperBox and its shareholders including without limitation their duties of care, loyalty, good faith and their duty to avoid self-dealing transactions.

101.    The wrongful conduct particularized herein was not due to an honest error in judgment but rather to defraud SuperBox and its shareholders.  As a result of the foregoing, Defendants have participated in harming SuperBox and its shareholders and have breached fiduciary duties owed to SuperBox and its shareholders.  Defendants knowingly aided, encouraged, cooperated and/or participated in and substantially assisted the other Defendants in the breaches of their fiduciary duties.

102.    As a result of the foregoing, SuperBox and its shareholders have sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

103.    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## XII.

### NINETH CAUSE OF ACTION

### ABUSE OF CONTROL

(Against Each Defendant and DOES 1-10 on behalf of SuperBox)

104.    Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

105.    By virtue of their positions and/or financial holdings in SuperBox, Defendants exercised control over SuperBox and owed duties (as officers, directors, authorized representatives, agents and/or controlling persons of/over SuperBox) not to

LA10358.222004271

use their positions of control within the company for their own personal gains and interests at the expense and contrary to the interest of SuperBox and its shareholders. Defendant's conduct amounts to an abuse of their control over SuperBox in violation of their obligations to SuperBox and its shareholders.

106.   Defendants knowingly aided, encouraged, cooperated and/or participated in and substantially assisted the other Defendants in the breaches of their fiduciary duties.

107.   As a result of the foregoing, SuperBox and its shareholders have sustained and will continue to sustain damages and injuries for which it has no adequate remedy at law.

108.   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## XIII.

## TENTH CAUSE OF ACTION

## <u>UNJUST ENRICHMENT</u>

(Against Each Defendant and DOES 1-10 on behalf of SuperBox)

109.   Plaintiff incorporates by reference, as though fully set forth herein, each of the aforementioned allegations contained in this Complaint.

110.   Defendants and DOES 1-10, and each of them, failed to give Plaintiff adequate consideration for the benefits enjoyed from each such Defendant's wrongful use, enjoyment and/or receipt of the monies, securities and/or other benefits identified herein.

111.   Defendants and DOES 1-10, and each of them, have each been unjustly enriched as a result of such above-mentioned wrongful use, enjoyment and/or receipt of the monies and/or other benefits identified herein, which were wrongfully obtained by means of deceit, concealment and false promises wrongfully perpetrated upon Plaintiff to its detriment.

LA10358.222004271

112.   It is unconscionable and inequitable for Defendants to retain such wrongfully obtained benefits.

113.   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## XIV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

### ON THE FIRST CAUSE OF ACTION

1.   For general damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.   For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.   For reasonable attorneys' fees;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court deems just and proper.

### ON THE SECOND CAUSE OF ACTION

1.   For compensatory damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.   For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.   For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4.   For consequential damages;

5.   For punitive damages;

6.   For reasonable attorneys' fees;

7.   For costs of suit incurred herein;

8.     For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

9.     For such other and further relief as the Court deems just and proper.

<u>ON THE THIRD CAUSE OF ACTION</u>

1.     For general damages according to proof at time of trial, plus interest at the maximum legal rate;

2.     For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.     For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4.     For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

5.     For reasonable attorneys' fees;

6.     For costs of suit incurred herein; and

7.     For such other and further relief as the Court deems just and proper.

<u>ON THE FOURTH CAUSE OF ACTION</u>

1.     For compensatory damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.     For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.     For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4.     For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

LA10358.222004271

5.      For reasonable attorneys' fees;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

ON THE FIFTH CAUSE OF ACTION

1.      For damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.      For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

3.      For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

4.      For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.);

5.      For reasonable attorneys' fees;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court deems just and proper.

ON THE SIXTH CAUSE OF ACTION

1.      For damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.      For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.      For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

4.      For such other and further relief as the Court deems just and proper.

LA10358.222004271

## ON THE SEVENTH CAUSE OF ACTION

1. For damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2. For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3. For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

4. For such other and further relief as the Court deems just and proper.

## ON THE EIGHTH CAUSE OF ACTION

1. For compensatory damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2. For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3. For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4. For reasonable attorneys' fees, costs of suit incurred herein;

5. For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq*.); and

6. For such other and further relief as the Court deems just and proper.

## ON THE NINETH CAUSE OF ACTION

1. For compensatory damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2. For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

LA10358.222004271

3.     For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4.     For reasonable attorneys' fees, costs of suit incurred herein;

5.     For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq.*); and

6.     For such other and further relief as the Court deems just and proper.

<u>ON THE TENTH CAUSE OF ACTION</u>

1.     For compensatory damages according to proof at time of trial, but not less than $300,000.00 plus interest at the maximum legal rate;

2.     For declaratory relief, vacating any and all judgments, orders and/or other relief issued in favor of Defendant against these Plaintiffs;

3.     For restitution, disgorgement of illicit proceeds and gains generated as a result of the wrongful conduct as alleged herein;

4.     For reasonable attorneys' fees, costs of suit incurred herein;

5.     For injunctive relief that is justifiable and proper to prevent dissipation and waste of wrongfully obtained gains pursuant to California Civil Code §2872; Cal. Code Civ. Pro. §§525 *et seq.*); and

6.     For such other and further relief as the Court deems just and proper.

DATED:  April 29, 2020                    Respectfully submitted,

LAW OFFICES OF COLE SHERIDAN

By: _____
     COLE R. SHERIDAN,
     Attorney for Plaintiffs,
     Russell Stuart, an individual;
     Superbox Holdings Canada Inc.; and
     Douglas Myrdal, an individual (and each
     derivatively on behalf of SuperBox, Inc.)

LA10358.222004271

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues which are subject to adjudication by a trier of fact.

DATED:  April 29, 2020                    Respectfully submitted,

                                          LAW OFFICES OF COLE SHERIDAN


By: _____
          COLE R. SHERIDAN,
          Attorney for Plaintiffs,
          Russell Stuart, an individual;
          Superbox Holdings Canada Inc.; and
          Douglas Myrdal, an individual (and each
          derivatively on behalf of SuperBox, Inc.)

## **VERIFICATION**

I, RUSSELL STUART, am a party to this action and am a shareholder of SuperBox, Inc.   I have read the foregoing Complaint and know its contents. The matters stated therein are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.   I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  April 29, 2020

By:_____

RUSSELL STUART,
an individual

## **VERIFICATION**

I, DOUGLAS MYRDAL, am a party to this action and am a shareholder of SuperBox, Inc.  I am also Chief Executive Officer of Superbox Holdings Canada Inc. and am authorized to make to make this verification on its behalf.  I hereby declare, both on behalf of myself as an individual as well as on behalf of Superbox Holdings Canada Inc. that I have read the foregoing Complaint and know its contents. The matters stated therein are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.  I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  April 29, 2020

By:  _Douglas Myrdal_ _____
      DOUGLAS MYRDAL,
      an individual and
      CEO of Superbox Holdings
      Canada Inc.

LA10358.222004271

EXHIBIT 1

**ENTITY INFORMATION**

**ENTITY INFORMATION**

**Entity Name:**

SUPERBOX, INC.

**Entity Number:**

C574-1999

**Entity Type:**

Domestic Corporation (78)

**Entity Status:**

Active

**Formation Date:**

01/12/1999

**NV Business ID:**

NV19991147125

**Termination Date:**

Perpetual

**Annual Report Due Date:**

1/31/2021

**REGISTERED AGENT INFORMATION**

**Name of Individual or Legal Entity:**

QUASAR CORPORATE SERVICES

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Non-Commercial Registered Agent

**NV Business ID:**

**Office or Position:**

**Jurisdiction:**

**Street Address:**

8275 S EASTERN AVENUE SUITE 200, LAS VEGAS, NV, 89123, USA

**Mailing Address:**

**Individual with Authority to Act:**

**Fictitious Website or Domain Name:**

## OFFICER INFORMATION

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|---|---|---|---|---|
| President | Douglas Myrdal | 34378 Manufacturers Way, #25, Abbotsford, British Columbia, V2S 7M1, CAN | 02/28/2020 | Active |
| Secretary | Keith Lloyd | 3102 Whitehorn Court, Coquitlam, British Columbia, V3E 2R6, CAN | 02/28/2020 | Active |
| Treasurer | Keith Lloyd | 3102 Whitehorn Court, Coquitlam, British Columbia, V3E 2R6, CAN | 02/28/2020 | Active |
| Director | Douglas Myrdal | 4378 Manufacturers Way, #25, Abbotsford, British Columbia, V2S 7M1, CAN | 02/28/2020 | Active |
| Director | Keith Lloyd | 3102 Whitehorn Court, Coquitlam, British Columbia, V3E 2R6, CAN | 02/28/2020 | Active |

**Page 1 of 1, records 1 to 5 of 5**

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 100,000,000 | 0.001000000000 |

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 5,000,000 | 0.010000000000 |

**Page 1 of 1, records 1 to 2 of 2**

Number of No Par Value Shares:

**0**

Total Authorized Capital:

**150,000**

Filing History    Name History    Mergers/Conversions

Return to Search    Return to Results

EXHIBIT 2



## Case Information

A-20-809896-B | Custodian Ventures, LLC, Plaintiff(s) vs. Superbox, Inc. [Nevada Entity No. C574-1999], Defendant(s)

Case Number
A-20-809896-B

Court
Department 27

Judicial Officer
Allf, Nancy

File Date
02/06/2020

Case Type
NRS Chapters 78-89

Case Status
Open

## Party

Plaintiff
Custodian Ventures, LLC

Active Attorneys ▾
Lead Attorney
Chasey, Peter L.
Retained

Other
Custodian Ventures, LLC

Active Attorneys ▾
Lead Attorney
Chasey, Peter L.
Retained

Defendant
Superbox, Inc. [Nevada Entity No. C574-1999]

## Events and Hearings



02/06/2020 Initial Appearance Fee Disclosure ▾

Comment
Initial Appearance Fee Disclosure

02/06/2020 Motion ▾

Comment
Motion for Appointment of Custodian

02/06/2020 Clerk's Notice of Hearing ▾

Comment
Notice of Hearing

02/10/2020 Certificate of Service ▾

Comment
Certificate of Service



03/11/2020 Motion for Appointment ▼

Judicial Officer
Allf, Nancy

Hearing Time
9:30 AM

Result
Granted

Comment
Petitioner Motion for Appointment of Custodian

Parties Present ▲
   Plaintiff

      Attorney: Chasey, Peter L.

03/11/2020 Order ▼

Comment
Order Appointing Custodian

03/12/2020 Notice of Entry of Order ▼

Comment
Notice of Entry of Order

## Financial

Custodian Ventures, LLC

| | | |
|---|---|---|
| Total Financial Assessment | | $1,530.00 |
| Total Payments and Credits | | $1,530.00 |

| | | | | |
|---|---|---|---|---|
| 2/6/2020 | Transaction Assessment | | | $1,530.00 |
| 2/6/2020 | Efile Payment | Receipt # 2020-07580-CCCLK | Custodian Ventures, LLC | ($1,530.00) |

EXHIBIT 3

Electronically Filed
2/10/2020 9:36 AM
Steven D. Grierson
CLERK OF THE COURT

1

*CSERV*
PETER L. CHASEY, ESQ.
Nevada Bar No. 007650
*CHASEY LAW OFFICES*
3295 N. Fort Apache Road, Suite 110
Las Vegas, Nevada 89129
Tel: (702) 233-0393  Fax: (702) 233-2107
email: peter@chaseylaw.com
Attorney for Petitioner
CUSTODIAN VENTURES, LLC

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

In the Matter of                                    )   CASE NO.:      A-20-809896-B
                                                    )   DEPT NO.:      XXVII
SUPERBOX, INC., a Nevada Corporation [Nevada        )
Entity No. C574-1999],                              )
                                                    )
                                                    )
(Petition of Custodian Ventures, LLC)               )
_____         )
                                                    )

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2020, I served a true and complete copy of the foregoing **MOTION FOR APPOINTMENT OF CUSTODIAN and NOTICE OF HEARING** by placing a copy of the same in the United States Mail, postage fully prepaid addressed to the following:

**CERTIFIED MAIL/RETURN RECEIPT**                  **CERTIFIED MAIL/RETURN RECEIPT**

Superbox, Inc.                                      Russell Stewart
c/o Quasar Corporate Services                       Superbox, Inc.
8275 S. Eastern Avenue, Suite 200                   9601 Wilshire Blvd., Suite 1151
Las Vegas, NV 89123                                 Beverly Hills, CA 90210

**CERTIFIED MAIL/RETURN RECEIPT**

Pacific Stock Transfer
6725 Via Austia Parkway, Suite 300
Las Vegas, NV 89119

AN EMPLOYEE OF CHASEY LAW OFFICES

– 1 –

EXHIBIT 4

## ENTITY INFORMATION

### ENTITY INFORMATION

| | | | |
|---|---|---|---|
| **Entity Name:** | SUPERBOX, INC. | **Entity Number:** | C574-1999 |
| **Entity Type:** | Domestic Corporation (78) | **Entity Status:** | Active |
| **Formation Date:** | 01/12/1999 | **NV Business ID:** | NV19991147125 |
| **Termination Date:** | Perpetual | **Annual Report Due Date:** | 1/31/2021 |

### REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| **Name of Individual or Legal Entity:** | QUASAR CORPORATE SERVICES | **Status:** | Active |
| **CRA Agent Entity Type:** | | **Registered Agent Type:** | Non-Commercial Registered Agent |
| **NV Business ID:** | | **Office or Position:** | |
| **Jurisdiction:** | | | |

| | |
|---|---|
| **Street Address:** | 8275 S EASTERN AVENUE SUITE 200, LAS VEGAS, NV, 89123, USA |
| **Mailing Address:** | |
| **Individual with Authority to Act:** | |
| **Fictitious Website or Domain Name:** | |

## OFFICER INFORMATION

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|---|---|---|---|---|
| President | David Lazar | 3445 Lawrence Ave, Oceanside, NY, 11572, USA | 04/23/2020 | Active |
| Secretary | David Lazar | 3445 Lawrence Ave, Oceanside, NY, 11572, USA | 04/23/2020 | Active |
| Treasurer | David Lazar | 3445 Lawrence Ave, Oceanside, NY, 11572, USA | 04/23/2020 | Active |
| Director | David Lazar | 3445 Lawrence Ave, Oceanside, NY, 11572, USA | 04/23/2020 | Active |

**Page 1 of 1, records 1 to 4 of 4**

## CURRENT SHARES

| Class/Series | Type | Share Number | Value |
|---|---|---|---|
| | Authorized | 100,000,000 | 0.001000000000 |
| | Authorized | 5,000,000 | 0.010000000000 |

**Page 1 of 1, records 1 to 2 of 2**

Number of No Par Value        **0**
                Shares:

Total Authorized Capital:    **150,000**

Filing History        Name History        Mergers/Conversions

Return to Search        Return to Results