**HOWARD & HOWARD ATTORNEYS PLLC**
Ryan A. Ellis, Esq. (SBN: 272868)
2049 Century Park East, Suite 330
Los Angeles, CA 92122
Telephone:  (424) 303-7700
Email: re@h2law.com
*Attorneys for Defendants Custodian Ventures, LLC*
*and David Lazar*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RUSSELL STUART, an individual (and derivatively on behalf of SuperBox, Inc.); DOUGLAS MYRDAL, an individual (and derivatively on behalf of SuperBox, Inc.); and SUPERBOX HOLDINGS CANADA INC., a British Columbia corporation (and derivatively on behalf of SuperBox, Inc.), <br><br> Plaintiffs, <br><br>   v. <br><br> BARRY SYTNER, an individual; DAVID E. LAZAR, an individual; CUSTODIAN VENTURES, LLC, a Wyoming limited liability company; EDWARD LAZAR, an individual; SHULAMIT LAZAR, an individual; BETTY SYTNER, an individual; SUPERBOX, INC., a Nevada corporation (and nominal defendant); and DOES 1-10, inclusive, <br><br> Defendant. | Case No.: 2:20-cv-03956-JAK-PVC <br> Hon. Judge John A. Kronstadt <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(5)** <br><br> Date:   July 13, 2020 <br> Time:   8:30 AM <br> Place:   First Street Courthouse, <br>        350 W. 1st Street, Courtroom 10B <br>        Los Angeles, CA. 90012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 13, 2020 at 8:30 a.m., or as soon thereafter as counsel may be heard in the courtroom of the Honorable Judge John A. Kronstadt of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 10B, Los Angeles, CA. 90012, Defendants Custodian Ventures, LLC and David Lazar will and hereby do move for an order dismissing the Complaint against them in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

This motion is based on the accompanying Memorandum of Points and Authorities, and any and all pleadings and records on file with the Court, the argument of counsel, and such further and other matters as may be presented to the Court. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 27, 2020 and in further communication and correspondence with Plaintiff's counsel.

Dated: June 5, 2020            HOWARD & HOWARD ATTORNEYS PLLC

/s/ *Ryan A. Ellis*
Ryan A Ellis, Esq.
*Attorneys for Defendants Custodian*
*Ventures, LLC and David Lazar*

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1

PLAINTIFF'S SECURITIES ACT CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE STRICT AND HEIGHTENED PLEADING REQUIREMENTS OF 10(b) AND THE PSLRA ....................................................... 3

PLAINTIFF FAILS TO ALLEGE ANY MISREPRESENTATIONS TO SUPPORT A 10(b) CLAIM ................................................................................... 5

PLAINTIFFS' COMPLAINT FAILS TO ALLEGE LOSS CAUSATION WITH THE REQUIRED SPECIFICITY ........................................................................... 6

PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ANY FALSITY WITH SPECIFICITY AS REQUIRED BY THE PSLRA, AND SHOULD BE DISMISSED ..................................................................................................... 7

PLAINTIFFS' COMPLAINT FAILS TO ALLEGE SCIENTER WITH SPECIFICITY AS REQUIRED BY THE PSLRA, AND SHOULD BE DISMISSED ..................................................................................................... 8

PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ANY FACTS WHATSOEVER RELATING TO ANY SPECIFIC DEFENDANT ..................... 9

PLAINTIFFS FAIL TO PLEAD SECTION 25401 AND 25501 CLAIMS ......... 11

PLAINTIFFS' CLAIMS FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE MUST ALSO BE DISMISSED ..................................... 11

PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST FAIL AS PLED AND DIRECTLY CONTRADICTS THE ....................................................................... 12

PLAINTIFFS' DERIVITAVE CLAIMS MUST ALSO FAIL UNDER 12(b)(5) 12

PLAINTIFFS' CLAIMS FOR ABUSE OF CONTROL AND UNJUST ENRICHMENT ARE DUPLICATIVE OF THEIR FIDUCIARY DUTY CLAIM ......................................................................................................... 13

PLAINTIFFS' CANNOT CURE THE DEFECTS ON THE COMPLAINT AND THE COURT SHOULD NOT GRANT LEAVE TO AMEND .......................... 14

CONCLUSION ............................................................................................................ 14

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

19 Norfolk Cty. Ret. Sys. v. Solazyme, Inc.,
No. 15-cv-02938- HSG, 2018 WL 3126393, at *7 (N.D. Cal. June 26, 2018) ...... 8

ABF Capital Corp., a Delaware Corp. v. Osley,
414 F.3d 1061, 1065 (9th Cir. 2005) ................................................................... 23

Affiliated Ute Citizens v. United States,
406 U.S. 128, 153-54, 92 S. Ct. 1456, 31 L. Ed. 2d 741 (1972) ........................... 2

Airgas, Inc. v. Air Prods. & Chems., Inc.,
 8 A.3d 1182, 1188 (Del. 2010) ........................................................................... 22

Amkor Tech., Inc. v. Tessera, Inc.,
2014 WL 4467715, at *5 (N.D. Cal. Sept. 9, 2014) ............................................ 11

Apollo Capital Fund, LLC v. Roth Capital Partners, LLC,
158 Cal. App. 4th 226, 252-54 (2007) ................................................................. 16

Astiana v. Hain Celestial Group, Inc.,
783 F.3d 753, 762 (9th Cir. 2015) ....................................................................... 19

Astrium S.A.S. v. TRW Inc.,
197 F. App'x 575, 577 (9th Cir. 2006) ................................................................ 15

Basic v. Levinson,
485 U.S. 224, 231-32, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988) ........................... 3

Bell v. Hood,
327 U.S. 678, 682-83 (1946) ............................................................................... 11

Berryman v. Merit Property Mgt. Inc.,
152 Cal.App.4th 1544, 1554 (2007) .................................................................... 18

Berson v. Applied Signal Tech., Inc.,
527 F.3d 982, 989 (9th Cir. 2008) ......................................................................... 4

Betz v. Trainer Wortham & Co.,
(N.D. Cal. 2011) 829 F. Supp. 2d 860, 866-67 ................................................... 17

Brehm, 746 A.2d at 263 ....................................................................... 20

Brody v. Transitional Hosps. Corp.,

280 F.3d 997, 1006 (9th Cir. 2002) ...................................................... 2

Cadlo v. Owens-Illinois, Inc.,

125 Cal.App.4th 513, 519 (2004) ....................................................... 13

Cal. Amplifier, Inc. v. RLI Ins. Co.,

94 Cal. App. 4th 102, 109 (2002) ...................................................... 16

Chaffey Joint Union High Sch. Dist. v. FieldTurf USA, Inc.,

No. EDCV 16-204-JGB-DTBX, 2016 U.S. Dist. LEXIS 195567, 2016 WL

11499348, at *3 (C.D. Cal. Apr. 28, 2016) ....................................... 15

Cirino v. Bank of Am., N.A.,

No. CV 13-8829 PSG MRWX, 2014 WL 9894432, at *11 (C.D. Cal. Oct. 1, 2014)

.............................................................................................................. 22

Citigroup, 964 A.2d at 136 ................................................................. 20

City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,

856 F.3d 605 (9th Cir. 2017). [*66] ..................................................... 9

City of Hope Nat'l Med. Ctr. v. Genentech, Inc.,

43 Cal. 4th 375, 386 (2008) .............................................................. 19

City of Providence v. First Citizens BancShares, Inc.,

99 A.3d 229, 234-35 (Del. Ch. 2014) ................................................ 22

Colman v. Theranos, Inc.,

No. 16-cv-06822-NC, 2017 U.S. Dist. LEXIS 59254, 2017 WL 1383717, at *4

(N.D. Cal. April 18, 2017) .......................................................... 15, 17

Conroy v. Regents of University of California,

45 Cal.4th 1244, 1255 (2009) ........................................................... 12

Constr. Workers Pension Tr. Fund v. Genoptix, Inc.,

No. 10CV2502-CAB (DHB), 2013 U.S. Dist. LEXIS 49716, 2013 WL 12123841, at

*7-8 (S.D. Cal. Mar. 22, 2013) [*27] ................................................... 6

CytRx, 2015 WL 9871275, at *3-4 ..................................................... 21

Daniels v. Select Portfolio Servicing, Inc.,
246 Cal.App.4th 1150, 1166 (2016)................................................................. 12

Dura Pharms., Inc. v. Broudo,
544 U.S. 336, 341-42, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) ............... 2, 3, 6

Durell v. Sharp Healthcare,
183 Cal. App. 4th 1350, 108 Cal. Rptr. 3d 682 (2010) ........................................ 19

Edgar v. MITE Corp.,
457 U.S. 624, 645 (1982) .................................................................................. 21

Erica P. John Fund, Inc. v. Halliburton Co.,
563 U.S. 804, 807, 131 S. Ct. 2179, 180 L. Ed. 2d 24 (2011) ............................. 5

Gamco Asset Mgmt., Inc. v. iHeartMedia, Inc.,
2016 WL 6892802, at *19 (Del. Ch. Nov. 29, 2016 ............................................ 20

Graham v. Bank of America,
226 Cal.App.4th 594, 605-606 (2014)................................................................. 12

Hills Transp. Co. v. Sw. Forest Indus., Inc.,
266 Cal.App.2d 702, 707 (1968) ........................................................................ 13

In re Amgen Sec. Litig.,
No. CV 07-2536 PSG (PLAx), 2014 U.S. Dist. LEXIS 183034, 2014 WL 12585809,
at *22 ..................................................................................................................... 6

In re Cutera,
610 F.3d at 1112 ................................................................................................... 10

In re Daou Sys. Inc., |
411 F.3d 1006, 1014 (9th Cir. 2005) ..................................................................... 2

In re Diasonics Sec. Litig.,
599 F. Supp at 459................................................................................................ 17

In re NVIDIA Corp. Sec. Litig.,
768 F.3d 1046, 1056 (9th Cir. 2014) ...................................................................... 9

In re Sagent Tech., Inc. Deriv. Litig.,
278 F. Supp. 2d 1079, 1090 (N.D. Cal. 2003)...................................................... 21

In re Silicon Graphics Sec. Inc. Litig.,
183 F.3d 970, 973 (9th Cir. 1999) ........................................................................ 2

In re Stratosphere Corp. Sec. Litig.,
1997 U.S. Dist. LEXIS 14621, 1997 WL 581032, at *13 (D. Nev. May 20, 1997)7

In re Vantive Corp. Sec. Litig.,
283 F.3d 1079, 1084 (9th Cir. 2002) .................................................................... 2

In re VeriFone Sec. Litig.,
11 F.3d 865, 871 (9th Cir. 1993) .......................................................................... 7

In re Victor Techs. Sec. Litig.,
1987 WL 60284, at *10 (N.D. Cal. Jan 8, 1987)................................................. 17

In re Walt Disney Co. Deriv. Litig.,
907 A.2d 693, 748 (Del. Ch. 2005), aff'd, 906 A.2d 27 (Del. 2006).................... 20

In re Yahoo!,
153 F. Supp. 3d at 1127...................................................................................... 20

In re Zoran Corp. Deriv. Litig.,
511 F. Supp. 2d 986, 1019 (N.D. Cal. 2007)...................................................... 20

In re ZZZZ Best Sec. Litig.,
1994 WL 746649, at *12 (C.D. Cal. Oct. 26, 1994) ........................................... 17

Ins. Underwriters Clearing House, Inc. v. Natomas Co.,
184 Cal. App. 3d 1520, 1526 (1986) .................................................................. 16

Intuitive Surgical,
759 F.3d at 1061-62 .............................................................................................. 9

Irving Firemen's Relief & Ret. Fund v. Uber Techs. ............................................. 3

Jackson,
 931 F. Supp. 2d at 1063..................................................................................... 16

Kainos Labs., Inc. v. Beacon Diagnostics, Inc.,
1998 WL 2016634, at *16 (N.D. Cal. Sept. 14, 1998)......................................... 15

Klevin v. Chevron U.S.A., Inc.,
202 Cal. App. 4th 1342, 1388, 137 Cal. Rptr. 3d 293 (2012) ............................. 19

Korea Supply Co. v. Lockheed Martin Corp.,
29 Cal.4th 1134, 1144 (2003) ................................................................. 18

Krantz v. BT Visual Images, LLC,
89 Cal.App.4th 164, 178 (2001) ............................................................. 18

Kraus v. Trinity Mgmt. Services, Inc.,
23 Cal. 4th 116, 121 (2000) ................................................................... 18

Kronk v. Landwin Grp. LLC,
No. SACV1000344CJCMLGX, 2011 WL 13143097, at *3 (C.D. Cal. Jan. 28, 2011) ................................................................................................ 14

Laties v. Wise,
2005 WL 3501709, at *2 (Del. Ch. Dec. 14, 2005) .............................. 20

Lazar v. Superior Court,
12 Cal.4th 631, 645 (1996) .................................................................... 13

Leadsinger, Inc. v. BMG Music Publ'g,
512 F.3d 522, 532 (9th Cir. 2008) ......................................................... 23

Lemon Bay Partners LLP v. Hammonds,
2007 WL 1830899, at *4-5 (D. Del. June 26, 2007) ............................ 11

Lloyd v. CVB Fin. Corp.,
811 F.3d 1200, 1210 (9th Cir. 2016) .................................................... 3, 4

Loos v. Immersion Corp.,
762 F.3d 880, 890 (9th Cir. 2014) ........................................................... 5

Lopez v. Smith,
203 F.3d 1122, 1127 (9th Cir. 2000) ..................................................... 23

Mauss v. NuVasive, Inc.,
No. 13-cv-2005 JM (JLB), 2014 U.S. Dist. LEXIS 170441, 2014 WL 6980441, at *6-7 (S.D. Cal. Dec. 9, 2014) .......................................................... 5

McCormick v. Fund Am. Cos., Inc.,
26 F.3d 869, 876 (9th Cir. 1994) ............................................................. 3

Melchior v. New Line Productions, Inc.,

(2003) 106 Cal.App.4th 779, 793 .......................................................................... 19

Metzler Inv. GMBH v. Corinthian Colls., Inc.,

540 F.3d 1049, 1061 (9th Cir. 2008) ................................................................. 2, 7

Meyer v. Greene,

710 F.3d 1189, 1201 (11th Cir. 2013) ............................................................... 5, 6

Mindlab Media, LLC. v. WRC Int'l LLC,

No. CV 11-3405 CAS FEMX, 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012)10

Mineworkers' Pension Scheme v. First Solar Inc.,

881 F.3d 750, 754 (9th Cir. 2018) .......................................................................... 3

Mohebii,

50 F. Supp. 3d at 1252 ................................................................................... 16, 18

Mosier v. S. Cal. Physicians Ins. Exch.,

63 Cal. App. 4th 1022, 1044 (1998) .................................................................... 19

Nedlloyd Lines B.V. v. Superior Court,

3 Cal. 4th 459, 462 (Cal. 1992) ........................................................................... 22

Nuveen Mun. High Income Opportunity Fund v. City of Alameda,

730 F.3d 1111, 1120, 1122-23 (9th Cir. 2013) ...................................................... 4

O'Leary v. Telecom Res. Serv., LLC,

No. 10C-03-108-JOH, 2011 WL 379300, at *8 (Del. Super. Ct. Jan. 14, 2011) . 11

Olkey v. Hyperion 1999 Term Tr., Inc.,

98 F.3d 2, 9 (2d Cir. 1996) .................................................................................. 14

Optional Capital, Inc. v. Kim,

2008 WL 11336496, at *1 (C.D. Cal. Jan. 17, 2008) .......................................... 21

People ex rel Dufauchard v. O'Neal,

179 Cal. App. 4th 1494, 1503 (2009) ............................................................. 17, 18

Podolsky v. First Healthcare Corp.,

50 Cal. App. 4th 632, 647 (1996) ........................................................................ 18

Police & Fire Ret. Sys. of the City of Detroit v. La Quinta Holdings Inc.,
No. 16-CV-3068 (AJN), 2017 WL 4082482, at *5 (S.D.N.Y. Aug. 24, 2017) 9, 14

Reese v. Malone,
747 F.3d 557, 569-70 (9th Cir. 2014) ................................................................ 2, 9

Ronconi v. Larkin,
253 F.3d 423, 434 (9th Cir. 2001) ................................................................ 7, 8, 9

S. Ferry LP, No. 2 v. Killinger,
542 F.3d 776, 784 (9th Cir. 2008) ..................................................................... 2, 8

S.E.C. v. Seaboard Corp.,
677 F.2d 1289, 1296 (9th Cir. 1982) .................................................................. 16

Scafidi v. West. Loan & Bldg. Co.,
72 Cal.App.2d 550, 558 (1946) .......................................................................... 13

Siegal v Gamble,
2016 WL 1085787, at *5 (N.D. Cal. Mar. 21, 2016) .......................................... 17

State Farm Mut. Auto. Ins. Co. v. Superior Court,
114 Cal. App. 4th 434, 442 (2003) ..................................................................... 21

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308, 323 (2007) ..................................................................................... 8

United Guar. Mortgage Indem. Co. v. Countrywide Fin. Corp.,
660 F. Supp. 2d 1163, 1184-85 (C.D. Cal. 2009) .............................................. 15

Vess v. Ciba-Geigy Corp. USA,
317 F.3d 1097, 1106 (9th Cir. 2003)(Rule 9(b) ............................................ 12, 17

Waggoner v. Laster,
581 A.2d 1127, 1134 (Del. 1990) ....................................................................... 22

Zucco Partners, LLC v. Digimarc Corp.,
552 F.3d 981, 991 (9th Cir. 2009) .................................................................... 7, 8

**Statutes**

§ 14.9.4 ................................................................................................................ 23

§ 17200 ............................................................................................................... 18

§ 25501 ................................................................................................ 17

§§ 25401 and 25501 ..................................................................... 16, 17

15 U.S.C. § 78u-4(b)(1)-(2)............................................................... 2

15 U.S.C. § 78u—4(b)(2) .................................................................. 8

Bus. & Prof. Code § 17200 ........................................................... 18

Cal. Corp. Code § 25401 ........................................................ 16, 17

Cal. Corp. Code § 25401.3 ............................................................ 16

Cal. Corp. Code § 25501 ......................................................... 15, 17

Fed. Rule of Civ. Proc. 15 ............................................................. 23

Fed. Rule of Civ. Proc.15(a) ......................................................... 23

## Other Authorities

§ 10(b) of the Exchange Act................................................................ 1

§ 10(b), their complaint must comply with the Private Securities Litigation Reform Act of 1995 ("PSLRA")............................................................. 2

Restatement (Second) of Conflict of Laws, § 302 (1971).................................... 21

## I.  __INTRODUCTION__

In their Complaint, Plaintiff confusingly bring both individual and derivative claims on behalf of Superbox, Inc. ("SBOX") against various Defendants, including Defendants Custodian Ventures, LLC ("Custodian Ventures") and David Lazar ("Lazar" or referred to collectively with Custodian Ventured herein as "Defendants").

From what the Defendants can glean from Plaintiffs' verified Complaint, Plaintiffs are alleging that they suffered damage from misrepresentations and/or omissions made by Defendants. The single and fatal blow to Plaintiffs' argument is that the timeline of events, on its face and as verified by Plaintiffs' in their Complaint, necessarily undermines any of its purported claims. Amongst other facts, Plaintiffs allege they were negotiating a deal between themselves, had been doing so for approximately six months, and those negotiations came to a close in February 2020. *See Plaintiffs' verified Complaint (hereinafter referred to as the "Complaint") at ¶¶23, 24.* Interestingly, Plaintiffs then allege they were forced to change their position when they relied on statements and omissions made by Defendants in April 2020, two months after negotiations ended. *Complaint, ¶44.* Another twist to the story is that Plaintiffs allege Defendant Custodian Ventures has been wrongfully appointed custodian of SBOX in the State of Nevada, despite admitting Defendants were acting under a court order from the same state. S confusing as it may be, Plaintiffs fail to meet the very strict pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), as well as fail to explain the large void between any nexus between their negotiations and their losses.

Under any analysis, there is neither logic nor a nexus which supports any of Plaintiffs' claims. As a result, and as argued herein, Plaintiffs' Complaint should be dismissed in its entirety.

/ / /

/ / /

## II.   <u>LEGAL STANDARD</u>

Federal Rule 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction. Because ripeness "pertain[s] to federal courts' subject matter jurisdiction," it is "properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto Ins. Co.* (2010) 598 F.3d 1115, 1122. Where, as here, Defendants asserts a facial attack on federal jurisdiction, the court resolves the motion as it would a motion under Rule 12(b)(6). *Leite v. Crane Co.* (2014) 749 F.3d 1117, 1121.

Similarly, and under Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (citation omitted). Well-pleaded facts are accepted as true, but this does not apply to legal conclusions or "conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n* (2010) 629 F.3d 992, 998; *Iqbal*, 556 U.S. at 678.

As explained herein, not only do the basic pleading requirements apply to most of Plaintiffs' causes of action, but also heightened and particularity standards required by Rule 9(b) and the PSLRA.

## III.   <u>ARGUMENT</u>

### 1.   THE COURT LACKS JURISDICTION OVER PLAINTIFFS' CAUSES OF ACTION AS THEY ARE NOT RIPE

Plaintiff asserts claims for violation of Section 10(b) of the Exchange Act and SEC rule 10b-5. *See Complaint, p. 13.* The remainder of Plaintiffs' claims are creatively pled, state-law iterations of their SEC claim. All of these claims are subject to dismissal now because they are not and may never become ripe. "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of L.A.* (1990) 922 F.2d 498, 502 (9th Cir. 1990) (affirming judgment dismissing unripe federal claims for lack of

jurisdiction); see *In re BofI Holding S'holder Litig.*, Case No. 3:15-cv-02722-GPC-KSC, 2018 U.S. Dist. LEXIS 96155, at *9 (S.D. Cal. June 7, 2018) (dismissing derivative claims "premised on the outcome of separate litigation" due to the "threshold jurisdictional issue" of ripeness).

All of Plaintiffs' purported damages stem from Custodian Ventures' application for custodianship of SBOX in the State of Nevada, along with Mr. Lazar's participation in the same. At the time this Motion is respectfully submitted, the Nevada Action is pending with the Nevada Court. Therefore any and all remedy(ies) which may be available to Plaintiffs' as pled in this Court are not yet ripe. This argument applies even if *some* damages have been incurred. *Id.* Further, and since the Nevada Action is still pending, Plaintiffs have the ability to participate in that action and seek redress (in various forms) from that Court. Instead, Plaintiffs have chosen to turn a blind eye to the Nevada Action and not participate, while directing their attention to this Court while the Nevada Action proceeds without them – even though Plaintiffs' verified Complaint admits they are on notice of the pending Nevada Action. Since the Nevada Action is still pending, Plaintiffs' claims in this Court are not yet ripe, and should be dismissed in their entirety.

**2. PLAINTIFFS' INDIVIDUAL CLAIMS MUST BE DISMISSED UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UNDER ANY THEORY**

**A. PLAINTIFF'S SECURITIES ACT CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE APPLICABLE HEIGHTENED PLEADING REQUIREMENTS OF 10(b) AND THE PSLRA**

To bring a claim under § 10(b) of the Exchange Act, a plaintiff must allege: "(1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases involving public securities markets (fraud-on-the-market cases) as 'transaction causation,'; (5) economic loss; and (6) 'loss causation,' i.e., a causal

connection between the material misrepresentation and the loss. *See Dura Pharms., Inc. v. Broudo* (2005) 544 U.S. 336, 341-42 [internal citations omitted]; *Metzler Inv. GMBH v. Corinthian Colls., Inc.* (2008) 540 F.3d 1049, 1061.

It is clear from the caption of the Complaint that Plaintiffs are attempting to bring a section 10(b) claim. As such, the complaint must comply with the PSLRA. The PSLRA enacted heightened pleading standards on federal securities fraud actions. *See* 15 U.S.C. § 78u-4(b)(1)-(2). "The PSLRA significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity and scienter." *In re Vantive Corp. Sec. Litig.* (2002) 283 F.3d 1079, 1084, *abrogated on other grounds as recognized in S. Ferry LP, No. 2 v. Killinger* (2008) 542 F.3d 776, 784. "The purpose of this heightened pleading requirement was generally to eliminate abusive securities litigation and particularly to put an end to the practice of pleading fraud by hindsight." *See In re Vantive*, 283 F.3d at 1084-85 (*quoting In re Silicon Graphics Sec. Inc. Litig.* (1999) 183 F.3d 970, 973. To meet the exacting standards of the PSLRA, a plaintiff must "specify each statement alleged to have been misleading," and "the reason or reasons why the statement is misleading." *Id.* at 1085 [internal citations omitted].

Plaintiffs do not plead any of the purported misrepresentations with any specificity whatsoever. The entirety of misrepresentations and omissions Plaintiffs claim are three-fold: (1) in a certificate of service filed in the Nevada Action (*Complaint, para. 26*); (2) Plaintiff Stuart did not receive any notice of the Nevada Action (*Complaint, paras. 28, 33*); and (3) on information and belief Plaintiffs allege Defendant "deliberately failed to effectuate valid service." *Complaint, para. 38.* These allegations are again recited in the body of Plaintiffs' first cause of action, but each is prepended with the phrase "upon information and belief." No further, specific information is provided. "[I]f an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." In re WageWorks, Inc., Sec.

Litig., Case No.: 18-cv-01523-JSW, 2020 U.S. Dist. LEXIS 97180, *10 (ND. Cal. June 1, 2020).

Plaintiffs have not, and cannot, meet the strict and heightened pleading requirements of the PSLRA, and as a result their Complaint should be dismissed.

## B. PLAINTIFF FAILS TO ALLEGE ANY MISREPRESENTATIONS TO SUPPORT A 10(b) CLAIM

A statement or omission is misleading if it "affirmatively create[s] an impression of a state of affairs that differs in a material way from one that actually exists." *Brody v. Transitional Hosps. Corp.* (2002) 280 F.3d 997, 1006; *accord Reese v. Malone* (2014) 747 F.3d 557, 569-70. An omitted fact is material if "a reasonable investor might have considered [it] important in the making of [a] decision." *Affiliated Ute Citizens v. United States* (1972) 406 U.S. 128, 153-54. This standard is met where "the disclosure of the omitted fact would have been viewed by [a] reasonable investor as having significantly altered the 'total mix' of information made available" to him at the time of the investment. *McCormick v. Fund Am. Cos., Inc.* (1994) 26 F.3d 869, 876 (*citing Basic v. Levinson* (1988) 485 U.S. 224, 231-32.

Plaintiffs timeline of events does not reconcile with their allegation that they relied on any of Defendants' representations or omissions. First and foremost, Plaintiffs allege that Defendants did not make any statements to any of them individually, but instead these "misstatements" were contained in filings with the court in the Nevada Action. *See Complaint, para. 43.* Further, the Plaintiffs' allegations are all in hindsight, on all fours with the holding in *In re Vanitive, supra.* Specifically, Plaintiffs Stuart and SB Canada allege they "completed negotiations in February 2020 (*see Complaint, para. 24*) and as a result "changed its [sic] position and offered to sell their [SBOX] shares at a discount…" S*ee Complaint, para. 44.* These allegations fly directly in the face of Plaintiffs' discussion as to when they first became aware of Defendants, wherein they allege "STUART first learned about

the Custodian Case and the purported custodianship over SuperBox on or about April 9, 2020." *Complaint, para. 33.* In their verified Complaint, Plaintiffs allege under the penalty of perjury that they relied on purported misrepresentations and omissions for a six month period ending in February 2020, which the Plaintiffs did not learn until April 9, 2020 *at the earliest.* There is no conceivable way that Plaintiffs relied on Defendants actions and/or inactions in February when they did not know about them until April

One cannot rely on statements made in the future. As a result, there is no way that Plaintiffs can allege any statements or omissions upon which they relied, and therefore Plaintiffs' Complaint should be dismissed.

## C.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE LOSS CAUSATION WITH THE REQUIRED SPECIFICITY

Plaintiffs fail to do so here. Private securities fraud actions are designed "not to provide investors with broad insurance against market losses, but to protect them against the economic losses that misrepresentations actually cause." *See Dura*, *supra,* 544 U.S. 336 at 345. To meet its pleading burden, Plaintiffs must allege that "the defendant's misstatement, as opposed to some other fact, foreseeably caused [their] loss." *Mineworkers' Pension Scheme v. First Solar Inc*. (2018) 881 F.3d 750, 754 (*citing Lloyd v. CVB Fin. Corp.* (2016) 811 F.3d 1200, 1210. "This inquiry requires no more than the familiar test for proximate cause. To prove loss causation, plaintiffs need only show a 'causal connection' between the fraud and the loss, by tracing the loss back to 'the very facts about which the defendant lied." *Mineworkers' Pension Scheme v. First Solar Inc., supra*, 881 F.3d 750 at 753.

Plaintiffs' also fail to allege loss causation with the required plausibility and particularity as required by Rule 9(b). *Oregon Pub. Emples. Ret. Fund v. Apollo Group Inc.* 2014) 774 F.3d 598, 605. The Complaint alleges, again in wholly conclusory fashion, "[f]urthermore, Defendants' misrepresentations and deceptive concealment of material information, along with Plaintiff's reasonable reliance

thereon, proximately caused and/or induced Plaintiff to engage in the above-referenced securities transactions which resulted in Plaintiff's economic losses and other damages." Plaintiffs cannot plead a causal connection between any of Defendants' actions and their losses because they did not learn of Defendants' purported misstatements until months after Plaintiffs concluded negotiations. *See Section B, infra.* Since no causal link exists, there can be no loss causation.

Plaintiffs make no effort to allege the *actual* damages alleged, yet again alleging their loss in vague terms and conclusory estimates: "Plaintiff estimates the total damages … include, but are not limited to…approximately $300,000.00, together with interest and associated transaction costs." *See Complaint, ¶49.* Plaintiffs also do not allege any impact to the SBOX stock price. The most direct way to show loss causation is to show that the company's stock price dropped following disclosure of the "relevant truth" (i.e., facts concealed by the alleged misstatements) (*See Dura*, 544 U.S. at 342 at 347; *Lloyd*, 811 F.3d at 1209) or that "but for the circumstances that the fraud concealed . . . plaintiffs' investment . . . would not have lost its value." *Berson v. Applied Signal Tech., Inc.* (2008) 527 F.3d 982, 989 [citations omitted].

Plaintiffs do not allege loss causation at all, let alone to the heightened pleading requirements necessary to withstand Defendants' Motion. The instant Motion should be granted.

### D. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ANY FALSITY WITH SPECIFICITY AS REQUIRED BY THE PSLRA, AND SHOULD BE DISMISSED

In addition to the other elements of its securities claim, the PSLRA requires Plaintiffs to plead falsity with particularity. *Zucco Partners, LLC v. Digimarc Corp.* (2009) 552 F.3d 981, 991. "The PSLRA has exacting requirements for pleading 'falsity.'" *Metzler Inv. GMBH v. Corinthian Colleges, Inc.* (2008) 540 F.3d 1049, 1070. To satisfy these "exacting requirements," a plaintiff must plead "specific facts

---

indicating why" the statements at issue were false. *Id*.; *see also Ronconi v. Larkin* (2001) 253 F.3d 423, 434 ("Plaintiffs' complaint was required to allege specific facts that show" how statements were false). More importantly, and be actionable, a statement must be false "at [the] time by the people who made them." *Larkin*, *supra*, 253 F.3d at 430.

First, Defendants assert that the Complaint lacks any allegations of falsity as required. Secondarily, any allegation which could be in any way construed to state "falsity" lack the requisite specificity, reliability, and personal knowledge of the Plaintiffs. Defendants' argument on this point is strengthened in that Plaintiffs seem to make their salient allegations on "information and belief." Plaintiffs cannot properly allege the element of falsity when Plaintiffs themselves are not even sure what Defendants have (or haven't) done.

E.     PLAINTIFFS' COMPLAINT FAILS TO ALLEGE SCIENTER WITH SPECIFICITY AS REQUIRED BY THE PSLRA, AND SHOULD BE DISMISSED

The PSLRA requires allegations supporting a "strong inference" that each defendant made false or misleading statements "either intentionally or with deliberate recklessness." *Zucco*, 552 F.3d at 991. Deliberate recklessness must "reflect[] some degree of intentional or conscious misconduct," (s*ee Killinger*, *supra,*   542 F.3d 776 at 782) and requires a state of mind beyond "mere recklessness" that shows "an extreme departure from the standards of ordinary care." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc*. (2016) 856 F.3d 605, 619–20. "[T]he complaint must contain allegations of specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Ronconi,* 253 F.3d 423 at 432

Further, the scienter analysis "is inherently comparative." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*. (2007) 551 U.S. 308, 323. A court must take into

account "plausible, nonculpable explanations for the defendant's conduct" (*Id.* at 310) and a complaint can only survive "if the malicious inference is at least as compelling as any opposing innocent inference." *Zucco*, 552 F.3d at 991. Here, Plaintiffs state they did not receive service of process (*Complaint, ¶28)* and that they are again "informed and believe" that Defendants did not give proper notice in order to takeover SBOX. *See Complaint, ¶43.*

Plaintiffs' barebones allegations lack reliability because Plaintiffs have not provided any insight into any actual representations (or inaction) they relied upon. *See Section (2)(B) above.* Plaintiffs also allege that Defendants did in fact provide notice to them and/or the notice provided by Defendants may have been missed because Plaintiffs did not go into the office during the COVID stay-at-home orders. *See Complaint, ¶¶29, 30, 33.* Therefore, and to the extent Plaintiffs' allegations of scienter are based on Defendants' after-the-fact actions, more information must be pled to clarify this contradiction whereby Plaintiffs' believe notice was not provided, but in the next breath allege notice *was in fact* provided.

## F. PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ANY FACTS WHATSOEVER RELATING TO ANY SPECIFIC DEFENDANT

Plaintiffs allege, on information and belief, that all Defendants acted in concert and agreed to conspire to "act" as alleged in the Complaint. *Complaint, ¶20.* As argued above, their conspiracy allegations are wholly conclusory and thus defective. *See Mindlab Media, LLC. v. WRC Int'l LLC* (2012) Case No. CV 11-3405 CAS FEMX, 2012 WL 386695, at *4 (C.D. Cal. Feb. 6, 2012). In Mindlab, Judge Snyder rejected Plaintiffs allegation that all defendants were acting "with the actual and/or implied knowledge, permission, consent, ratification and approval of the other Defendants. Plaintiffs' Complaint herein suffers from the same issues. Instead of alleging specific facts, Plaintiff patently concocts a scheme with absolutely no knowledge that any Defendants other than Custodian Ventures or Lazar had any involvement in the purported actions/inactions pled. Such artful and intentional

wrongful pleading subjects Plaintiffs' entire Complaint to dismissal. *See Bell v. Hood* (1946) 327 U.S. 678, 682-83 (suit may be dismissed where the Court finds a claim wholly insubstantial and frivolous"). Under these circumstances, and without any specific allegations relating to any Defendant, Plaintiffs' Complaint should be dismissed in its entirety.

### G.   PLAINTIFFS' CLAIMS FOR COMMON LAW FRAUD AND NEGLIGENT MISREPRESENTATION SHOULD BE DISMISSED FOR FAILURE TO PLEAD WITH REQUISITE SPECIFICITY AND FOR FAILURE TO ALLEGE PROPER RELIANCE

Plaintiffs' claims for fraud and negligent misrepresentation fail for the same reasons as their 10(b) and Rule 10b-5 claim. Under California law, the elements of a cause of action for fraudulent misrepresentation are: "(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false; (4) the defendant intended the plaintiff to rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Graham v. Bank of America* (2014) 226 Cal.App.4th 594, 605-606. The elements for negligent misrepresentation are nearly identical to that of fraud, only the third element is different, requiring the absence of reasonable grounds for believing the misrepresentation to be true instead of knowledge of its falsity. *Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1166. Like Rule 10b-5 claims, "[c]auses of action for intentional and negligent misrepresentation sound in fraud..., [so] each element must be pleaded with specificity." *Id.* at 1166.

Here, Plaintiffs fail to allege that Defendants made any specific misrepresentations or plead any other element of the fraud claims with the requisite specificity. Plaintiffs' conclusory allegations are not enough. "[G]eneral and conclusory allegations do not suffice." *Lazar v. Superior Court* (1996) 12 Cal.4th

631, 645. As argued above and herein, Plaintiff fails to meet the heightened pleading standards, necessitating dismissal of the Complaint in this action.

### H. PLAINTIFFS FAIL TO PLEAD SECTION 25401 AND 25501 CLAIMS

Sections 25401 and 25501 narrowly apply only to persons *who actually sold* stock to plaintiff. Said more eloquently, strict privity is required. In this case, Plaintiffs do not allege any sale occurred between any of them individually and any of the Defendants. In fact, the opposite is true – Plaintiffs' were damaged due to the alleged loss of value of a transaction between themselves. *See Complaint, ¶44.* Plaintiffs further confirm this cause of action should be dismissed by alleging they did not even know of the Defendants in any capacity until April 2020. *Complaint, ¶33. See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 158 Cal. App. 4th 226, 252-54 (2007). Such a position is untenable and requires dismissal of this cause of action.

### I. PLAINTIFFS' CLAIMS FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE MUST ALSO BE DISMISSED

Although Plaintiffs purport to assert a claim for unfair business practices under the California Business and Professions Code, Section 17200, et seq. they are not permitted to bring a private claim based on the purchase of securities. *Betz v. Trainer Wortham & Co.* (2011) 829 F. Supp. 2d 860, 866-67. To state a valid claim under Bus. & Prof. Code § 17200 ("UCL"), the Plaintiff must allege a violation of any independent statute, regulation or law and that Defendants' conduct was unlawful, fraudulent or unfair to consumers. As argued above, and since Plaintiffs' UCL claim is based on their claims for securities fraud their UCL claim also fails. *See Krantz v. BT Visual Images, LLC* (2001) 89 Cal.App.4th 164, 178 (2001). As a result, the Complaint fails to state any viable claim under the UCL and the cause of action should be dismissed.

J.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST FAIL AS PLED AND DIRECTLY CONTRADICTS THE

There is no cause of action in California for unjust enrichment, as it describes a remedy only. *Melchior v. New Line Productions, Inc*., (2003) 106 Cal.App.4th 779, 793. For this reason alone, Plaintiff's "claim" must fail. Further, "an unjust enrichment claim does not lie where the parties have an enforceable express contract." *Durell v. Sharp Healthcare,* (2010) 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682. Unjust enrichment must be plead along with a quasi-contract cause of action, such as alleging that the contract was void or rescinded. *Id*. at 1370. A plaintiff may assert alternative theories, even if those theories appear inconsistent. *Klevin v. Chevron U.S.A., Inc*. (2012) 202 Cal. App. 4th 1342, 1388.

It is undisputed that SBOX is governed by an operating agreement, a contract by which all members are to abide. Without the operating agreement, there is no connection in any regard, contract or otherwise, between Plaintiffs and Defendants herein. Therefore, an action cannot lie in any quasi-contract theory. As such, Plaintiffs' request for recovery under a theory of unjust enrichment should be dismissed.

3.    **PLAINTIFFS' DERIVITAVE CLAIMS MUST ALSO FAIL UNDER 12(b)(5)**

A.    PLAINTIFFS DO NOT AND CANNOT ALLEGE A CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

"The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Mosier v. S. Cal. Physicians Ins. Exch*. (1998) 63 Cal. App. 4th 1022, 1044. For a fiduciary duty to exist, a person "must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc*. (2008) 43 Cal. 4th 375, 386.

As argued, *infra*, Defendant Custodian Ventures has assumed its role as custodian of SBOX pursuant to court order in the Nevada Action. Under the business judgment rule, there is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interest of the company.

Not only have the Plaintiffs failed to allege Defendants breached or violated the aforementioned court order, they also have failed to allege why they continue to sit on their hands as the Nevada Action proceeds, willfully ignoring the same. Similarly to the arguments above, Plaintiffs fail to allege a proper nexus whereby any of Defendants' actions could gave plausibly been relied upon by Plaintiffs. As repeated throughout this Motion, Plaintiffs cannot allege they relied on any of the Defendants' actions or inactions when they were not aware of the same until after the fact. *See Section 2(C), supra.* Since no breach is alleged (or occurred), Plaintiffs' claim for breach of fiduciary duty must be dismissed.

### B.   PLAINTIFFS' CLAIMS FOR ABUSE OF CONTROL AND UNJUST ENRICHMENT ARE DUPLICATIVE OF THEIR FIDUCIARY DUTY CLAIM

Plaintiffs' remaining "derivative" causes of action are duplicative of their 10(b)/10b-5 and fiduciary duty claims, and do not independently give rise to a claim for liability. Claims for abuse of control are likewise "often considered a repackaging of claims for breach of fiduciary duties instead of being a separate tort." *In re Zoran Corp. Deriv. Litig.* (2007) 511 F. Supp. 2d 986, 1019.  For the same reasons as argued at length throughout this Motion, Plaintiffs claims for abuse of control and unjust enrichment must fail.

/ / /

/ / /

/ / /

/ / /

**4.    PLAINTIFFS' CANNOT CURE THE DEFECTS ON THE COMPLAINT AND THE COURT SHOULD NOT GRANT LEAVE TO AMEND**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

## IV.    CONCLUSION

For all of the reasons stated herein, Plaintiff's Complaint should be dismissed without leave to amend.

Respectfully submitted,

Dated: June 5, 2020               HOWARD & HOWARD ATTORNEYS PLLC

                                  /s/ *Ryan A. Ellis*_____
                                  Ryan A Ellis, Esq.
                                  *Attorneys for Defendants Custodian*
                                  *Ventures, LLC and David Lazar*