COLE R. SHERIDAN (SBN: 215109)
LAW OFFICES OF COLE SHERIDAN
1990 South Bundy Drive, Suite 630
Los Angeles, California 90025
Email: csheridan@csheridanlaw.com
Phone 310-819-9640
*Attorney for Plaintiffs,
Russell Stuart; Douglas Myrdal;
and Superbox Holdings
Canada Inc.*

Ryan A. Ellis, Esq. (SBN: 272868)
RYAN ELLIS LAW CORPORATION
3268 Governor Drive, Suite 140
San Diego, CA 92122
Email: ryan@ryanellislaw.com
Telephone: (858) 247-2000
*Attorneys for Defendants Barry Sytner,
Betty Sytner, Custodian Ventures, LLC, and David Lazar*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RUSSELL STUART, an individual (and derivatively on behalf of SuperBox, Inc.); *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>BARRY SYTNER, an individual; *et al*.<br><br>Defendants. | Case No.: 2:20-cv-03956-JAK-PVC<br>Hon. Judge John A. Kronstadt<br><br>**JOINT REPORT**<br><br>Matter Filed: April 30, 2020 |

---

2
JOINT REPORT

Pursuant to the November 9, 2020 Order of the above-captioned court (the "U.S. District Court", as distinguished from the use of the general term "Court", which shall refer to the Eight Judicial District Court in Clark County, Nevada), Plaintiffs Russell Stuart (individually and derivatively on behalf of SuperBox, Inc.); Douglas Myrdal (individually and derivatively on behalf of SuperBox, Inc.); and Superbox Holdings Canada, Inc. ("Plaintiffs"), and Defendants David Lazar, Barry Sytner, Betty Sytner, and Custodian Ventures, LLC ("Defendants"), through their undersigned counsel, hereby submit the following Status Report following the resolution of pending motions in the related litigation previously pending in Clark County, Nevada (the "Custodian Case").

i. **Whether any Ruling was Made at the Hearing(s)**

Plaintiffs' Position: Counsel for Plaintiffs in the above-captioned matter ("Sheridan") has been in contact with counsel for plaintiffs in the custodianship matter, James Smith ("Smith"), held before the Eight Judicial District Court in Clark County, Nevada (Case No. A-20-809896-B, hereinafter the "Custodianship Case") since the above-referenced November 2020 hearing date. Based on Smith's report, the two hearings previously pending in the Custodian Case, the Motion to Terminate Custodianship (the "Motion to Terminate") filed by Custodian Ventures, LLC ("CV") and the Motion to Vacate the Order Appointing CV as custodian of SuperBox, Inc. (the "Motion to Vacate") filed by Russell Stuart and Douglas Myrdal (Plaintiffs herein), were not consolidated and/or otherwise rescheduled. Rather, CV's Motion to Terminate was GRANTED and Plaintiffs' Motion to Vacate was taken off calendar without hearing.

Defendants' Position: The two hearings previously pending in the Custodian Case, the Motion to Terminate Custodianship (the "Motion to Terminate") filed by Custodian Ventures, LLC ("CV") and the Motion to Vacate the Order Appointing CV

as custodian of SuperBox, Inc. (the "Motion to Vacate") filed by Russell Stuart and Douglas Myrdal (Plaintiffs herein), were consolidated and came on for hearing on November 25, 2020 in Clark County, Nevada. CV's Motion to Terminate was GRANTED, and Plaintiffs' Motion to Vacate was DENIED. A true and correct copy of the Nevada Court's Order is attached hereto as Exhibit 1.

### ii. The Substance of any Ruling that was Made

<u>Plaintiffs' Position</u>:  The Court in the Custodian Case made no express factual findings and provided no clear basis for its decision in granting CV's Motion to Terminate.  Specifically – as a threshold matter - the Court did not make any ruling as to whether or not CV satisfied the statutory requirements under NRS 78.347 for making a valid application for custodianship, despite such issue being central in both Plaintiffs' opposition to CV's Motion to Terminate as well as Plaintiffs' Motion to Vacate (which the Court did not hear, as referenced above).  Notably, Plaintiffs raised a series of substantive deficiencies in CV's application for custodianship which would invalidate CV's application and any resulting order of custodianship.  Specifically, as a condition precedent to the proper granting of any custodianship under NRS 78.347(1)(b), the applicant shareholder must provide the court with various background disclosures under oath (including criminal history and activities related to past filings for custodianship), which Plaintiff believes Defendant's knowingly failed to do, in order to conceal Defendant's history of abuse of the NRS custodianship statute.  In addition, Plaintiff raised serious due process errors, expressly demonstrated how CV's application for custodianship was statutorily defective and should not be granted as a matter of law.  Rather than make any specific factual findings, the Court declared that it was granting CV's Motion to Terminate because SuperBox, Inc. failed to give notice of and hold an annual meeting of the shareholders as required by Nevada law.

Defendants' Position: In ruling on CV's Motion to Terminate Custodianship, the Court in the Custodian Case made two crucial findings in coming to its ruling: (1) the March 11, 2020 order appointing CV as custodian of SuperBox, Inc. was valid and remains valid under Nevada law; and (2) SuperBox, Inc. remained an abandoned Nevada corporation for failure to give notice of and hold an annual meeting of the shareholders pursuant to Nevada law. Based thereon, the Court in the Custodian Case granted CV's Motion to Terminate, approved all actions taken by CV as custodian of SuperBox, Inc., and discharged CV as custodian of SuperBox, Inc.

### iii. The Effect, if Any, of that Ruling on the Issues Presented in this Action

Plaintiffs' Position: In summary, the scope of Custodian Case was limited, as it did not address any of Plaintiffs' fraud-based claims raised in the above-captioned matter. Specifically, the Nevada Court's granting of CV's Motion to Terminate is neither an express nor implied adjudication of the substantive merits of Plaintiffs' pleadings which contain direct and derivative causes of action, including violation of §10(b) of the Sec. Exchange Act and SEC Rule 10b-5; fraud; conversion and breach of fiduciary duty. Defendants actively eliminated the board of directors, officers and/or directors of SuperBox to wrongfully acquire shares in SuperBox to the detriment of its shareholders, by abusing NRS 78.347. Furthermore, the Custodian Case did not involve the same party defendants as the above-captioned matter. Without any findings of fact regarding regarding the statutory deficiencies of CV's application for custodianship, the defects in service of process of the Custodianship Case nor Plaintiffs' fraud-based claims, the granting of CV's Motion to Terminate is of little probative value to the merits of the above-captioned case and should not prevent the above-captioned case from independent adjudication.

Defendants' Position: As a result of the Court's ruling in the Custodian Case, the claims advanced in Plaintiffs' Verified Complaint have no merit. Plaintiffs' claims are all grounded in the notion that CV (and the other Defendants herein) engaged in coordinated, fraudulent, and deceptive acts causing Plaintiffs' damage. To the contrary, the Court in the Custodian Case found the custodianship to be proper and approved all of CV's actions as custodian of SuperBox, Inc. – those same actions which form the bases for Plaintiffs' verified Complaint herein. Therefore, an action cannot stand in this Court founded in allegations that have been deemed proper and approved. Finally, the time for Plaintiffs' herein to appeal the Orders in the Custodian Case has elapsed, rendering those same Orders final.

### iv.    Whether the Stay of this Action Should be Lifted

Plaintiffs' Position:  The stay of this action should be lifted.  Plaintiffs anticipate dismissing Defendants Barry Sytner, an individual, and Betty Sytner, an individual within five (5) days of this Report.

Defendants' Position: The stay of this action should be lifted and a status conference should be held to determine a hearing date and further briefing schedule for Defendants' Motion to Dismiss (and joinders thereto).

Dated: January 18, 2021

Respectfully submitted,
LAW OFFICES OF COLE SHERIDAN

By: /s/ Cole Sheridan
Cole Sheridan
*Attorney for Plaintiffs, Russell Stuart; Douglas Myrdal; and SuperBox Holdings Canada Inc.*

/ / /

Dated: January 18, 2021

Respectfully submitted,
RYAN ELLIS LAW CORPORATION

By: /s/ Ryan A. Ellis
Ryan A. Ellis
*Attorneys for Defendants Barry Sytner, Betty Sytner, David Lazar, and Custodian Ventures, LLC*

\*Pursuant to Local Rule 5-4.3.4(2),the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.